IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sedrick Jamon Hayes, | ) | C/A No.: 1:21-1549-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Florence County Detention Center Personnel; FCDC Medical Staff Personnel; and Private owner Donna Moore, | ) ) ) ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) | |
| | ) | |

Sedrick Jamon Hayes ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Florence County Detention Center Personnel ("FCDC Personnel"), FCDC Medical Staff Personnel ("Medical Staff"); and Private owner Donna Moore ("Moore") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff claims Defendants violated his religious beliefs as a "Moorish American Moslem" related to dietary supplements. [ECF No. 1 at 4]. He

complains they denied him an Islamic dietary meal. When asked for the facts underlying his claim, he states:

> Disrespected my way of living as my Religion, FCDC Personnel regarded me as a Muslim and denied signing a promissory note and medical staff at FCDC said they don't care about my Islamic Dietary as a Moorish-American Moslem.

*Id.* at 5–6. He alleges they transferred him "back to my county jail in Dillon County Detention Center." *Id.* at 8.

## II. Discussion

### A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

   1.   FCDC Personnel and Medical Staff

Plaintiff has not stated a valid § 1983 claim against FCDC Personnel and medical Staff, as these defendants do not qualify as "persons." These are groups of persons working in a department, building, or facility, and therefore cannot qualify as a person. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Barnes v. Baskerville Corr. Cen. Med. Staff*, No.

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that the use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions). Because the FCDC Personnel and Medical Staff are not individual "persons" pursuant to § 1983, Plaintiff has failed to state a claim on which relief may be granted as to these defendants.

 2. Moore

Plaintiff lists Moore as a defendant, but provides no allegations regarding Moore or provide any basis for jurisdiction against Moore. Because Plaintiff provides no facts to demonstrate Moore is a state actor, he fails to allege sufficient facts to support a § 1983 claim against her. Because purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983, Plaintiff's § 1983 claims against Moore are subject to summary dismissal. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); see also Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Further, Plaintiff's failure to provide any allegations against Moore provides an additional basis for dismissal of Moore.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 16, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original

5

complaint and should be complete in itself. See *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

June 2, 2021                                           Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge