IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sedrick Jamon Hayes,<br><br>                    Plaintiff,<br><br>v.<br><br>Corporal S. Eli, Sergeant Karen Scott, and Captain Darren Yarborough,<br><br>                    Defendants. | Case No. 1:21-cv-1549-JFA-SVH<br><br>**ORDER** |

## I.      INTRODUCTION

Plaintiff Sedrick Jamon Hayes ("Plaintiff"), a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983 alleging three employees (collectively "Defendants") at the detention center he was housed in discriminated against him by not providing him with the appropriate religious diet. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After reviewing Defendants' motions for summary judgment (ECF Nos. 23 & 49) and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that summary judgment should be granted on both motions for Defendants. (ECF No. 56). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections on March 21, 2022. (ECF No. 59). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court

reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 56).

In response to the Report, Plaintiff submitted ten objections all contained in one page. (ECF No. 59). Only the first of these objections which is specific; however, the objection is inconsequential as it corrects the date Plaintiff was transferred to Florence County Detention Center (FCDC). Whether Plaintiff was booked in FCDC on September 7th or 9th does not impact the Court's judgment in this dispute.

The nine remaining objections are either factual assertions that are consistent with the Report or conclusory allegations that do not cite or reference portions of the Report. For example, Plaintiff asserts "[t] courts always will discriminate on a persons belief, religion, and Islamic Diet." (ECF No. 59) The other objections are related to Plaintiff's diet, religion in the courts, and conclusory objections about the Defendants "hiding documents from the court that will prove that I'm right." *Id.* Those objections do not illuminate any specific error which would allow this Court to conduct a *de novo* review.

Accordingly, Plaintiff's response, even when construed as objections, fails to show any error in the Report and must be overruled. Furthermore, a full review of the Report indicates that the Magistrate Judge correctly concluded that Defendants' motions for summary judgment should be granted.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 56). For the reasons discussed above and in the Report, Defendants' motions for summary judgment (ECF Nos. 23 & 49) are granted.

IT IS SO ORDERED.

April 8, 2022                                                                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                                                         United States District Judge